UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

UNITED STATES OF AMERICA,      )
                               )
            Plaintiff,         )
                               )
      v.                       )          No. 4:10 CR 595 JCH / DDN
                               )
BRETT CRAWFORD, et al.,        )
                               )
            Defendants.        )

**ORDER AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

        This action is before the court upon the pretrial motions of the parties which were referred to the undersigned Magistrate Judge under 28 U.S.C. § 636(b).  Pending before the court regarding defendant Brett Crawford are the oral motion of defendant Brett Crawford to suppress evidence (Doc. 63), the oral motion of the government for a determination of the admissibility of arguably suppressible evidence (Doc. 64), and the written motion of defendant Crawford to sever the charges against him for a trial separate from co-defendants (Doc. 82).

        A hearing was held on February 3, 2011.  The only motion taken up was defendant Crawford's motion to sever.[1]  He has filed no other written motion and made no presentation on the oral motion to suppress evidence. Therefore, the motion to suppress should be considered withdrawn and should be denied as moot.

        Defendant Crawford is charged in an indictment with four co-defendants, Kenneth A. Keil, Stacy Cole, Brian Lewis Hedrick, and Christopher Watson.  Defendant Keil is charged in Counts 1, 2, and 3 with the interstate transportation of stolen property on May 6, 2009.  All five co-defendants are charged in Count 3 with engaging in fraudulent activity regarding nine specifically identified vehicular trailers between May 2008 and May 2009.  Defendant Keil is charged in Count 5 with mail fraud on June 13, 2008.  Defendant Watson is charged in Count 6 with

─────────────────

        [1]On January 27, 2011, the court granted the motions of defendants Keil, Hedrick, and Watson for an extension of time to and including today to file pretrial motions or a waiver thereof.  Their pretrial hearing is reset to February 16, 2011.  (Doc. 89.)

mail fraud on September 3, 2008. Defendant Cole is charged in Count 7 with mail fraud on September 3, 2008. Defendant Crawford is charged in Count 8 with mail fraud on May 19, 2008. And finally, in Count 9 all five defendants are charged with another conspiracy, to engage in fraudulent activity regarding vehicular trailers.

Defendant Crawford seeks a separate trial of the counts alleged against him. In determining whether any defendant is entitled to a separate trial, the court must decide whether joinder (1) was proper under Federal Rule of Criminal Procedure 8, and (2) is likely to have a "substantial and injurious effect or influence in determining the jury's verdict." United States v. Lane, 474 U.S. 438, 449 (1986) (internal quotations omitted).

Regarding the joinder of two or more defendants in an indictment, Rule 8 provides:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All of the defendants need not be charged in each count.

Fed. R. Crim. P. 8(b). "Rule 8(b) requires that there be some common activity involving all of the defendants which embraces all the charged offenses even though every defendant need not have participated in or be charged with each offense." United States v. Bledsoe, 674 F.2d 647, 656 (8th Cir. 1982). The propriety of the joinder generally must appear on the face of the indictment. United States v. Wadena, 152 F.3d 831, 848 (8th Cir. 1998); United States v. Andrade, 788 F.2d 521, 529 (8th Cir. 1986).

The court first looks to the language of the indictment to see whether the charges alleged against defendant Crawford are part of the same acts or transactions, or series of acts or transactions, alleged against the other defendants. As stated, defendant Crawford is charged in Counts 4, 8, and 9. He argues that these counts are unrelated to the charges against the other defendants. (Doc. 83 at 1.)

Count 4 of the indictment charges all five defendants with engaging in the same scheme to defraud and Count 9 charges all five defendants

with engaging in a conspiracy to engage in described fraudulent activity. These two counts, therefore, easily pass muster for joinder of the defendants under Rule 8(b), because each alleges common activity by all the defendants, including defendant Crawford.

Counts 4 and 9 are allegedly factually interrelated also for other reasons. The time frames of the two counts somewhat overlap, Count 4 being from May 2008 to May 2009, and Count 9 involving 2008, 2009, and 2010 up to the filing of the indictment. Both counts allege fraudulent activity involving stolen motor vehicle trailers and their re-titling by the Missouri Department of Motor Vehicles. Thus, while the alleged crimes differ a bit, these counts allege the factual participation of all defendants in the same series of criminal acts.

The allegations of Counts 5 through 8 expressly relate the criminal actions of defendants Crawford, Keil, and Watson to the Count 4 fraudulent scheme. Count 1 against defendant Keil expressly involves a motor vehicle trailer that is described in Count 4.

Counts 2 and 3 against only defendant Keil are factually interrelated to the charges against defendant Crawford. Count 1 alleges that defendant Keil took a stolen motor vehicle trailer from St. Charles, Missouri, to Buffalo Grove, Illinois, on May 6, 2009. Counts 2 and 3 allege Keil on the same day took the two described stolen Skytron tables from St. Charles to Buffalo Grove. While it is not expressly alleged that the tables were in the Count 1 trailer, the coincidence of the date, the origination and destination of the travel, and the stolen status of the tables are sufficient to factually interrelate Counts 2 and 3, by way of Count 1, with the counts charged against defendant Crawford.

Thus, it appears that the joinder of offenses and defendants in the same indictment complied with Rule 8, Federal Rules of Criminal Procedure. However, proper joinder _vel_ _non_ is but one factor to assess in determining whether severance should be ordered.

Joint trials are favored because they "conserve state funds, diminish inconvenience to witnesses and public authorities, and avoid delays in bringing those accused of crime to trial." _United States v._ _Lane_, 474 U.S. 438 at 449 (internal quotations omitted). This is especially true in cases where conspiracy is charged, because the proof

against each is based upon the same facts and evidence. See <u>United States v. Frazier</u>, 280 F.3d 835, 844 (8th Cir. 2002). "Once defendants are properly joined under Rule 8, there is a strong presumption for their joint trial, as it gives the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct outcome." <u>United States v. Flores</u>, 362 F.3d 1030, 1039 (8th Cir. 2004) (internal quotations omitted).

Defendant Crawford argues that he would suffer prejudice by the joinder of his counts with those of the other defendants for a joint trial, sufficient to require severance under Federal Rule of Criminal Procedure 14. Indeed, despite the judicial preference for joint trials, if the joinder appears to prejudice a defendant, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires. See Fed. R. Crim. P. 14(a); <u>Zafiro v. United States</u>, 506 U.S. 534, 539 (1993); <u>United States v. Boyd</u>, 180 F.3d 967, 982 (8th Cir. 1999).

He argues (1) that the evidence against him is very close; (2) that he "has reason to believe that one or more of his co-defendants would testify  on his behalf at a separate trial, but would exercise their Fifth Amendment rights at a joint trial;" (3) that two of his co-defendants made statements to authorities that incriminate him,[2] which would violate his constitutional rights under <u>Bruton v. United States</u>, 391 U.S. 123 (1968); and (4) that the evidence is such that the jury could not apply the various items of evidence to the applicable defendant or defendants. (Doc. 83 at 2.)

_____

[2]Defendant Crawford submitted documents containing these statements to the court for *in camera* consideration.  Statements made by co-defendant Brian Hedrick to Missouri Highway Patrol Sgt. Jeff Paul are contained in the written report of Patrol Sgt. D.C. Bauer. (Doc. 83-1.) In this document defendant Crawford is mentioned only with respect to his having a trailer and selling it to a relative of co-defendant Watson. The statement also included the fact that Crawford was Hedrick's nephew. (Doc. 83-1 at 2.)  The second document is a handwritten statement made by co-defendant Christopher Watson.  The only mention of defendant Crawford in this statement is that he is Brian Hedrick's nephew, that he had a 2003 trailer he wanted to sell, and that he would take $5,000.00 for it.  (Doc. 83-2 at 2.)

"To grant a motion for severance, the necessary prejudice must be 'severe or compelling.'" <u>United States v. Pherigo</u>, 327 F.3d 690, 693 (8th Cir. 2003). Regarding defendant Crawford's argument (1), the "mere fact that one defendant tries to shift blame to another defendant does not mandate separate trials." <u>Flores</u>, 362 F.3d 1030 at 1039-40. And "the possibility that a defendant's chances for acquittal may be better in a separate trial is an insufficient justification for severance." <u>Id.</u> See also <u>United States v. Manner</u>, 887 F.2d 317, 324 (D.C.Cir. 1989).

In support of his argument that co-defendants Hedrick and Watson would testify in his behalf at a separate trial, defendant offers only that these defendants are related to him. An *in camera* review of these written statements, <u>see</u> n. 2, indicates to the undersigned that they could testify to his relationship to co-defendant Hedrick, that Crawford had a 2003 trailer to sell, and that he wanted $5,000.00 for it, and that he sold it to a relative of co-defendant Watson. Whether or not such testimony would be even helpful to Crawford, there is no indication in the record that these co-defendants would waive their Fifth Amendment rights and testify for him at a separate trial. Counsel for defendant Crawford agreed at the hearing that their testifying for Crawford was speculative. Such speculation is not a substantial basis for believing that a co-defendant would testify for defendant at a separate trial. <u>United States v. Vue</u>, 13 F.3d 1206, 1210 (8th Cir. 1994); <u>United States v. Nevils</u>, 897 F.2d 300, 305 (8th Cir. 1990).

In cases where the risk of prejudice is high, and a defendant's constitutional rights are potentially violated, the trial court may order severance. Defendant argues that co-defendants' statements, which incriminate him, may be offered against them and his rights to confront the witnesses against him would be violated if he could not cross-examine the declarants at a joint trial. <u>See</u> <u>Bruton</u>, 391 U.S. at 136-37. Such prejudice may be avoided by the redaction from the confession of any reference to the co-defendant. <u>United States v. Bolden</u>, 92 F.3d 686, 687 (8th Cir. 1996). In this case, counsel for the government has stated that references to defendant Crawford in statements of co-defendants would be redacted for use at trial.

Defendant Crawford argues that the evidence is likely to be such that the jury would not be able to assess his guilt or innocence separately from his co-defendants. Whether or not the jury will be able to compartmentalize the evidence is best determined at trial when the trial court can consider such factors as the complexity of the case, whether any of the defendants was acquitted, and the adequacy of limiting jury instructions and admonitions to the jury. Richardson v. Marsh, 481 U.S. 200, 211 (1987); United States v. Ghant, 339 F.3d 660, 665-66 (8th Cir. 2003); United States v. Sazenski, 833 F.2d 741, 745-46 (8th Cir. 1987).

All in all, at this pretrial stage of the proceedings, no sufficient basis for ordering a separate trial for defendant Crawford has been shown. Upon a sufficient showing during trial, severance may be ordered.

Therefore,

**IT IS HEREBY ORDERED** that the motion of defendant Brett Crawford for severance (Doc. 82) is denied without prejudice to being refiled during trial with a sufficient showing of prejudice.

**IT IS HEREBY RECOMMENDED** that the oral motion of defendant Brett Crawford to suppress evidence (Doc. 63) and the oral motion of the government for a determination of the admissibility of arguably suppressible evidence (Doc. 64) be denied as withdrawn.

The parties are advised they have 14 days to file written objections to this Memorandum and Order. The failure to file timely written objections may waive the right to raise issues of fact on appeal.

/S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on February 11, 2011.